UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
TREVOR GASKELL,                     )
                                    )
        Plaintiff,                  )
    v.                              )   C.A. No. 17-593 WES
                                    )
ANGELA YINGLING, in individual      )
capacity; and CHRISTOPHER SMITH,    )
in individual capacity,             )
                                    )
        Defendants.                 )
_____ )

### ORDER

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") (ECF No. 19) recommending that the Court grant Defendants' Motion To Dismiss (ECF No. 6) and Cross-Motion for Summary Judgment (ECF No. 11), and deny Plaintiff's Motion for Summary Judgment (ECF No. 7).

After carefully reviewing the R&R and the parties' submissions, and having heard no objections, the Court ACCEPTS the R&R and adopts its reasoning and recommendations. Accordingly, the Court GRANTS Defendants' Motion To Dismiss (ECF No. 6) and Cross-Motion for Summary Judgment (ECF No. 11), and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 7). Final judgment shall enter for Defendants as to all

counts of Plaintiff's Amended Complaint (ECF No. 20).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  April 25, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TREVOR GASKELL :
:
v. : C.A. No. 17-00593-WES
:
ANGELA YINGLING and :
CHRISTOPHER SMITH :

**REPORT AND RECOMMENDATION**

      Plaintiff Trevor Gaskell initiated this legal action in Superior Court alleging violations of his constitutional rights (Counts I and II) and breach of "contractual obligations" by "committing Fraud by Inducement." (Count III). (ECF Doc. No. 1-1). He sues his two state court appointed public defenders.[1] Plaintiff has since moved to withdraw his constitutional claims and to "more clearly define" his contract claim. (ECF Doc. No. 14). Defendants have no objection. (ECF Doc. No. 18).

      Pending before the Court for report and recommendation (28 U.S.C. § 636(b)(1)(B)) are (1) Defendants' Motion to Dismiss (ECF Doc. No. 6); (2) Plaintiff's Motion for Summary Judgment (ECF Doc. No. 7); and Defendants' Cross-motion for Summary Judgment (ECF Doc. No. 11). After reviewing these filings and the relevant case law, the Court concludes that Plaintiff's breach of contract/fraud by inducement claim (Count III) fails to state a viable legal claim, is frivolous and must be dismissed with prejudice.

      **Discussion**

      Plaintiff has withdrawn Counts I and II and thus only Count III remains for consideration. Plaintiff was "arrested for several unarmed [bank] robberies throughout Rhode Island, Massachusetts, and Connecticut and was brought to the A.C.I. for custody." (ECF Doc. No. 14-1 at

---

[1] A prior case alleging similar claims against these same public defenders was directly filed in this Court on November 8, 2017. See Gaskell v. Yingling, C.A. No. 1:17-cv-00518-JJM (D.R.I.). That case was dismissed by the Court on November 27, 2017 for failing to state a legal claim upon which relief may be granted. Id. at ECF Doc. No. 6.

p. 1). Because of his arrest, he was brought before the state court as an alleged violator of his probation for prior state crimes. He was appointed state public defenders Angela Yingling and Christopher Smith to represent him in the violation matter. Plaintiff alleges that he "accepted a plea for admitance [sic] of violation in exchange for 3 and one half years ACI, with State and federal non-prosecution agreement regarding the 'underlying offenses.'" Id. at p. 2.[2] In his more clearly-defined Count III, Plaintiff alleges "[f]raud by inducement." He claims that Defendants "induced a fraudulent plea on behalf of the federal government which they knew full well they were not authorized to offer or accept." Id. at p. 3. He claims that the fraud caused him harm including federal sentencing exposure that forced him to take an unfavorable federal plea. Id.[3]

To the extent Plaintiff's claim is one for breach of contract, the law is clear that there is no contractual relationship between an indigent criminal defendant and his or her court-appointed lawyer. See Browne v. Robb, 583 A.2d 949, 953-954 (Del. Sup. Ct. 1990) (finding no contractual relationship between an indigent defendant and his court-appointed attorney). Plaintiff now titles Count III as one for "fraud by inducement" and pleads that his court-appointed public defenders "induced a fraudulent plea" presumably based on the claimed federal "non-prosecution agreement." Under Rhode Island law, fraud in the inducement is a fraudulent misrepresentation that leads a person to enter into a transaction with a false impression or understanding of the facts. See, e.g., Bourdon's, Inc. v. Ecin Indus., Inc., 704 A.2d 747, 753 (R.I. 1997). Plaintiff has not, however, alleged any facts upon which a reasonable inference of fraud on the part of his public defenders could be drawn. See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (a plaintiff must plead facts supporting a plausible entitlement to relief beyond mere speculation). He alleges that his public defenders

---

[2] Plaintiff was also charged and pled guilty to a federal bank robbery offense that arose from the underlying crime that brought about the probation violation. See generally, United States v. Gaskell, No. 15CR122-JJM-LDA-1 (D.R.I. Dec. 21, 2015).

[3] Plaintiff's attempt to vacate his federal conviction on these grounds was denied by this Court on April 17, 2017. See ECF Doc. No. 30 in United States v. Gaskell, C.A. No. 1:15-CR-00122-JJM (D.R.I.).

fraudulently induced the plea "on behalf of the federal government" but pleads absolutely no plausible facts upon which such a conspiracy could reasonably be found. Moreover, the Court has been unable to locate any reported Court decisions recognizing such a fraudulent plea inducement claim against a court-appointed attorney and is mindful from a public policy standpoint of the "unique vulnerability of court appointed lawyers" to baseless claims. See Brown, 583 A.2d at 955. While Plaintiff's claimed misunderstanding of the terms of his state plea deal may, if true, support an argument to set aside his probation violation admission, his allegations simply do not support any viable fraud or contract claims against his court-appointed attorneys.[4]

**Conclusion**

For the foregoing reasons, I recommend that the Court GRANT Defendants' Motion to Dismiss and Cross-motion for Summary Judgment (ECF Doc. Nos. 6 and 11) and DENY Plaintiff's Motion for Summary Judgment (ECF Doc. No. 7). I also recommend that the Court enter Final Judgment in favor of Defendants as to all claims in Plaintiff's Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2018

---

[4] It appears from filings in Plaintiff's federal criminal case that he filed a bar disciplinary complaint against Ms. Yingling and that he has elected not to seek to vacate the prior state probation violation admission. (See ECF Doc. Nos. 56 and 56-1 in C.A. No. 1:15-CR-00122-JJM (D.R.I.)).